# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

### MARCH 1996 SESSION



FILED

June 25, 1996

Cecil Crowson, Jr.
Appellate Court Clerk

| | |
|---|---|
| **STATE OF TENNESSEE,** | ) |
| | ) C.C.A. No. 03C01-9509-CC-00260 |
| Appellant, | ) |
| | ) Knox County |
| V. | ) |
| | ) Hon. Mary Beth Leibowitz, Judge |
| | ) |
| **ROBERT BUTLER,** | ) (State Appeal -- Dismissal of Indictment) |
| | ) |
| Appellee. | ) |

FOR THE APPELLEE:

Robert W. Ritchie
Wade V. Davies
Ritchie, Fels & Dillard, P.C.
606 W. Main Street, Suite 300
P.O. Box 1126
Knoxville, TN 37901-1126

FOR THE APPELLANT:

Charles W. Burson
Attorney General & Reporter

Darian B. Taylor
Assistant Attorney General
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN 37243-0493

Randall E. Nichols
District Attorney General

Robert Jolley
Asst. Dist. Attorney General
City-County Building
Knoxville, TN 37902

OPINION FILED: _____

**AFFIRMED**

**PAUL G. SUMMERS,**
Judge

# O P I N I O N

Nearly twenty years ago, the appellee was convicted of rape and sentenced to life imprisonment. In 1993, he was granted habeas corpus relief in federal court. In 1995, a Tennessee trial court dismissed the appellee's indictment. The state appeals and argues that the trial judge abused her discretion in dismissing the indictment. We find no abuse of discretion and affirm.

## FACTS

On July 21, 1993, a District Court granted the appellee habeas corpus relief. The order provided that:

> The state shall have 60 days in which to schedule a new trial, failing which, all charges against the petitioner will be dismissed. Pending such new trial and/or appeal to the Court of Appeals of this order, unless stayed, the petitioner shall be admitted to personal recognizance bond in the amount of $10,000.00.

The state appealed the issuance of habeas corpus relief to the Sixth Circuit. On appeal, the state raised two issues:

1. Whether the appellee's petition was an abuse of writ, and

2. Whether the appellee received ineffective assistance of counsel during his second trial.

Prior to the Sixth Circuit's disposition, the state moved the District Court for "a stay pending appeal." The motion was denied. The state subsequently moved the Sixth Circuit to "stay the district court's order releasing the petitioner and order the petitioner returned to custody."[1] On August 11, 1993, the Sixth

---

[1] The state did not, however, request the Sixth Circuit to stay or hold the 60-day period in abeyance pending resolution of appeal.

Circuit denied the state's motion for a stay of the appellee's release from incarceration. On February 22, 1995, the Sixth Circuit affirmed the District Court's issuance of habeas corpus relief. Mandate was issued on March 16, 1995.

On May 1, 1995, the state requested a Tennessee state court to docket appellee's case for retrial. The appellee responded with a Motion to Dismiss asserting that: (1) on July 21, 1993, the District Court granted the state 60 days within which to schedule a new trial, "failing which, all charges" would be dismissed; (2) the order was not stayed; (3) the state's time within which to reschedule a new trial had elapsed; and (4) the state was, therefore, barred from retrying him. The state's posture was that the 60 days were held in abeyance until issuance of the Sixth Circuit's mandate on March 16, 1995.

The Tennessee trial court granted the appellee's motion finding:

> It is the ruling of the Court that the original mandate to retry the defendant as of July 21, 1993 was in full force and effect and never stayed. There was no effort made either to dismiss this case or schedule it for trial and at this point the Court is obliged to dismiss the defendant's case pursuant to the orders of the United States District Court for the Middle District of Tennessee and subsequent affirmation of the Sixth Circuit Court of Appeals.
>
> IT IS THEREFORE ORDERED that the above captioned cause be dismissed for failure of timely scheduling of a new trial.

The trial judge, however, declined to rule as to whether the state was barred from re-indicting the appellee. The instant appeal proceeds from this dismissal.

During the interim of this appeal, the state filed a Fed. R. Civ. P., Rule 60, motion in the District Court. The motion sought relief from the 1993 order "to the extent that it purport[ed] to bar the State from re-trying the Petitioner." In the alternative, the state requested a clarification of the 1993 order. The District Court denied the state's request for relief and noted that the state was improperly

attempting to use Rule 60 to raise an issue that should have been raised on direct appeal. In addressing the state's alternative request for clarification, the District Court responded:

> Finally, respondent seeks "clarification" of the order of July 21, 1993. This Court cannot speak more plainly than it did in that order.

## **LEGAL ANALYSIS**

The state argues that the trial judge abused her discretion in dismissing the indictment. The state's argument is premised upon two contentions: (1) the District Court was without jurisdiction to bar re-prosecution, and (2) the 1993 order was ambiguous and did not prevent re-prosecution.

Federal courts are vested "the largest power to control and direct the form of judgment to be entered in cases brought before it on *habeas corpus*." Hilton v. Braunskill, 481 U.S. 770, 775 (1987). Permanent discharge may, in the appropriate case, be warranted. Burton v. Johnson, 975 F.2d 690, 693 (10th Cir. 1992).

The District Court's conditional order was an appealable final judgment. The state, however, failed to challenge the remedy's propriety on direct appeal. Accordingly, the state has waived any issues regarding: (1) the propriety of the conditional order, and (2) the "jurisdiction" of the District Court to dismiss all charges if conditions were not met.

The state's argument that the trial judge abused her discretion is without merit. The 1993 order stated that all charges would be dismissed if the state did not reschedule a new trial within 60 days. Absent a grant of a stay, the 1993 judgment became enforceable "10 days after its entry." See Fed. R. Civ. P.,

-4-

Rule 62(a). The order was not stayed and the state neglected to reschedule a new trial until 1995. The trial judge, therefore, did not abuse her discretion by following the federal mandate and dismissing the charges.

We further note that clarification of the District Court's order is not within our province. However, the state filed a Rule 60 motion specifically requesting relief from the bar of future re-prosecution. The District Court declined to provide such relief. Accordingly, we must assume that absent further guidance or clarification, the District Court has permanently barred re-prosecution of the appellee's indictment stemming from the 1977 rape charges.[2] To hold otherwise would contravene the apparent intentions of the District Court.

**AFFIRMED**

_____
PAUL G. SUMMERS, Judge

CONCUR:

_____

[2]Once the appellee's charges were dismissed, there were no longer charges upon which to base re-indictment.

-5-

_____
JOSEPH M. TIPTON, Judge


_____
CHARLES LEE, Special Judge