# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE

### JACKIE F. CURRY v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Johnson County**
**No. 4379    Lynn W. Brown, Judge**

---

**No. E2004-01227-CCA-R3-HC - Filed April 21, 2005**

---

The petitioner, Jackie F. Curry, petitioned the Johnson County Circuit Court for *habeas corpus* relief from his three 2000 Knox County convictions of aggravated rape. The court dismissed the petition, and the petitioner appealed. The state has moved this court to affirm the convictions pursuant to Tennessee Court of Criminal Appeals Rule 20. We sustain the state's motion and affirm the order of dismissal.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**
**Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which JOSEPH M. TIPTON, J., and NORMA MCGEE OGLE, J., joined.

Jackie F. Curry, Appellant, *Pro se*.

Mark A. Fulks, Assistant District Attorney General, for the Appellee, State of Tennessee.

### MEMORANDUM OPINION

In the petitioner's March 29, 2004 petition for *habeas corpus* relief, he claimed that his conviction judgments are void because the conviction court violated his due process rights by excluding evidence, the prosecutor withheld exculpatory evidence, the petitioner's trial counsel rendered ineffective assistance, the indictment violated double jeopardy principles by incorporating three counts, the convicting evidence was legally insufficient and materially varied from the offenses charged in the indictment, and the trial court erred in enhancing the petitioner's sentences and in imposing consecutive sentences. On May 7, 2004, the *habeas corpus* court dismissed the petition.

"[T]he writ of [*habeas corpus*] will issue in Tennessee only when it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." *State v. Ritchie*, 20 S.W.3d 624, 630

(Tenn. 2000) (quoting *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993)). "A void judgment is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired." *Taylor v. State*, 955 S.W.2d 78, 83 (Tenn. 1999). In contrast, "[a] voidable conviction or sentence is one which is facially valid and requires the introduction of proof beyond the face of the record or judgment to establish its invalidity." *Ritchie*, 20 S.W.3d at 630 (quoting *Taylor*, 955 S.W.2d at 83). Facial invalidity means that the "fact [depriving the court of jurisdiction] must appear clearly and indisputably either on the face of the judgment or in the original trial record before a writ of habeas corpus can issue from a Tennessee court." *Ritchie*, 20 S.W.3d at 633.

The burden is on the petitioner to establish that the judgment is void or that the sentence has expired. *State ex rel. Kuntz v. Bomar*, 214 Tenn. 500, 504, 381 S.W.2d 290, 291-92 (1964). A petition seeking issuance of a writ of *habeas corpus* may be summarily dismissed by a trial court if it fails to indicate that the petitioner's conviction is void. Tenn. Code Ann. § 29-21-109 (2000).

The claims challenging the petitioner's convictions do not, even if proven, render the convictions void. *See, e.g., Byron Edwards v. State,* No. E2004-00918-CCA-R3-HC (Tenn. Crim. App., Knoxville, Dec. 20, 2004) (holding that claim of material variance is not cognizable in *habeas corpus* action); *Michael Addison v. Parker*, No. W2004-00032-CCA-R3-HC (Tenn. Crim. App., Jackson, Sept. 22, 2004) (stating that claims involving protections against double jeopardy do not render a judgment void); *Dexter Frank Johnson v. State*, No. E2004-01260-CCA-R3-HC (Tenn. Crim. App., Knoxville, Sept. 2, 2004) (holding that claims of ineffective assistance of counsel are not cognizable in *habeas corpus* proceedings); *Haggard v. State*, 4 Tenn. Crim. App. 620, 475 S.W.2d 186, 187-88 (Tenn. Crim. App.1971) (challenge to sufficiency of evidence not proper subject of *habeas corpus* action). Our supreme court has recently stated that "a judgment is entitled to a presumption of regularity and is not void unless a defect appears on the face of the judgment." *Hickman v. State*, 153 S.W.3d 16, 25 (Tenn. 2004). Certainly, the claim that the trial court erroneously excluded evidence proffered by the petitioner at trial does not appear on the face of the judgment and does not disturb the presumption of regularity, even though the claim is sounded in a violation of due process.

As to the petitioner's claim that his sentences were illegal, we recognize that the invalidity of the sentence itself, as well as the broader invalidity of the conviction, results in a void judgment and is a sufficient basis for *habeas corpus* relief. *See Stephenson v. Carlton*, 28 S.W.3d 910, 911 (Tenn. 2000) (a void sentence, as well as a void conviction, may result in a void judgment and be the subject of a *habeas corpus* proceeding). To be cognizable in a *habeas corpus* action, an "illegal" sentence must equate to a "jurisdictional defect." *McLaney v. Bell*, 59 S.W.3d 90, 92 (Tenn. 2001). Thus, for an illegal sentence claim to support a claim for habeas corpus relief, the illegality of the sentence must be egregious to the point of voidness, *Cox v. State*, 53 S.W.3d 287, 292 (Tenn. Crim. App. 2001), and our courts have sought to determine whether the sentence imposed was "beyond the outer limits" of the sentencing court's authority, *see McConnell v. State*, 12 S.W.3d 795, 799 (Tenn.2000). The present *habeas corpus* petitioner has not claimed that the terms of the

sentences are beyond the court's jurisdiction. He merely claims that the lengths of the sentences, though within authorized bounds, were excessive due to the misapplication of an enhancement factor and that the trial court erred in imposing consecutive sentences because it erroneously found him to be a professional criminal. These issues do not implicate the sentencing court's jurisdiction.

For the above reasons, the *habeas corpus* court's order is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE