# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE

### STEVEN G. HUGHES v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Johnson County**
**No. 4188     Robert E. Cupp, Judge**

---

### No. E2004-02473-CCA-R3-HC - Filed April 22, 2005

---

The petitioner, Steven G. Hughes, petitioned the Johnson County Criminal Court for *habeas corpus* relief from his Cocke County convictions of aggravated robbery. The court dismissed the petition, and the petitioner appealed. The state has moved this court to affirm the convictions pursuant to Tennessee Court of Criminal Appeals Rule 20. We sustain the court's motion and affirm the order of dismissal.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**
**Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which JOSEPH M. TIPTON, J., and NORMA MCGEE OGLE, J., joined.

Steven G. Hughes, Appellant, *Pro se*.

Renee W. Turner, Assistant District Attorney General, for the Appellee, State of Tennessee.

### MEMORANDUM OPINION

Pursuant to the petitioner's guilty pleas, the Cocke County Circuit Court entered four convictions of aggravated robbery and sentenced the petitioner to an effective 50-year sentence. Now under review is the petitioner's Johnson County Criminal Court petition for a writ of *habeas corpus*, in which the petitioner alleged voidness of his convictions based upon a "material variance between the indicted charges and the proof submitted and accepted by the trial court" and upon the involuntary and unknowing nature of his guilty pleas. The court held that the judgments were not void and dismissed the petition. We affirm.

"[T]he writ of [*habeas corpus*] will issue in Tennessee only when it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." *State v. Ritchie*, 20 S.W.3d 624, 630 (Tenn. 2000) (quoting *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993)). "A void judgment is one

in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired." *Taylor v. State*, 955 S.W.2d 78, 83 (Tenn. 1999). In contrast, "[a] voidable conviction or sentence is one which is facially valid and requires the introduction of proof beyond the face of the record or judgment to establish its invalidity." *Ritchie*, 20 S.W.3d at 630 (quoting *Taylor*, 955 S.W.2d at 83). Facial invalidity means that the "fact [depriving the court of jurisdiction] must appear clearly and indisputably either on the face of the judgment or in the original trial record before a writ of habeas corpus can issue from a Tennessee court." *Ritchie*, 20 S.W.3d at 633.

The burden is on the petitioner to establish that the judgment is void or that the sentence has expired. *State ex rel. Kuntz v. Bomar*, 214 Tenn. 500, 504, 381 S.W.2d 290, 291-92 (1964). A petition seeking issuance of a writ of *habeas corpus* may be summarily dismissed by a trial court if it fails to indicate that the petitioner's conviction is void. Tenn. Code Ann. § 29-21-109 (2000).

Although the petitioner has claimed that the proof at trial materially varied from the charges stated in the indictment, the claim does not render the conviction void. Moreover, no trial evidence was even presented; the petitioner pleaded guilty. Apparently, the petitioner claims that in the plea submission process, the "material variance" occurred during the prosecutor's statement of a factual basis for the pleas and convictions. This claim fails to implicate voidness of the indictment and the convictions and was properly dismissed.

Also, a petition for *habeas corpus* relief is not the proper means for addressing a claim of an unknowing or involuntary guilty plea. *Archer*, 851 S.W.2d at 163. The proper method for making a collateral attack of this nature is a petition pursuant to the Post-Conviction Procedure Act. *Id.*; *see* Tenn. Code Ann. §§ 40-30-101 through -122 (2003). In the present case, however, we are without the option of treating the *habeas corpus* petition as an action for post-conviction relief because the post-conviction one-year statute of limitations bars post-conviction relief.[1] Tenn. Code Ann. § 40-30-102 (2003).

For these reasons, the Johnson County Criminal Court's dismissal of the petition is affirmed.

---

[1] The limited record before us reveals that the underlying offenses occurred in 1993. Sometime between then and February 12, 1996, the petitioner pleaded guilty but appealed the trial court's original sentencing order. When addressing that appeal on February 12, 1996, this court vacated the sentences and remanded for resentencing. *See State v. Steven Hughes*, No. 03C01-9405-CR-00188 (Tenn. Crim. App., Knoxville, Feb. 12, 1996). On remand, the trial court resentenced the petitioner on September 30, 1996. Apparently, no further appeal was taken. The *habeas corpus* petition was filed May 16, 2003.

_____
JAMES CURWOOD WITT, JR., JUDGE