IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE


DAVID JOHNSON HARTSELL v. STATE OF TENNESSEE

Appeal from the Circuit Court for Johnson County
No. 4469    Lynn W. Brown, Judge

---

No. E2004-02876-CCA-R3-HC - Filed May 6, 2005

---

The petitioner, David Johnson Hartsell, appeals the dismissal by the Johnson County Circuit Court of his petition for writ of habeas corpus. The state has moved this court to affirm the judgment of the trial court pursuant to Tennessee Court of Criminal Appeals Rule 20. On review, this court affirms the order of dismissal.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, J., and JAMES CURWOOD WITT, JR., J., joined.

David Johnson Hartsell, Mountain City, Tennessee, Pro Se

Paul G. Summers, Attorney General and Reporter; Mark A. Fulks, Assistant Attorney General; Joe C. Crumley, Jr., District Attorney General, for the appellee, State of Tennessee.


**MEMORANDUM OPINION**

The petitioner was convicted in May 2003 pursuant to guilty pleas for violation of the implied consent law, three counts of felony driving under the influence of an intoxicant, two counts of failure to appear, possession of drug paraphernalia, and possession of marijuana. Upon these convictions he received an effective five-year sentence. No direct appeal was taken. Subsequently, the petitioner sought post-conviction relief. On appeal from the dismissal of his petition, this court affirmed the judgment of the trial court. See David Johnson Hartsell v. State, No. E2003-03080-CCA-R3-PC (Tenn. Crim. App. May 28, 2004), app. denied (Tenn. Oct. 4, 2004).

On November 1, 2004, the petitioner sought habeas corpus relief from his convictions in the Circuit Court for Johnson County. The petitioner challenged his convictions based on claims of judicial and prosecutorial misconduct and ineffective assistance of trial counsel, all of which he alleged resulted in his entering unknowing, involuntary, and unintelligently entered guilty pleas.

More specifically, the petitioner asserted that the trial judge screamed and yelled at him throughout the trial court proceedings, showing obvious bias and prejudice against him. The petitioner asserted that the trial judge further violated his due process rights by accepting his "ill-[advised]" guilty pleas, by refusing to permit him later to withdraw the guilty pleas, and by denying his post-conviction relief petition without an evidentiary hearing. The petitioner also asserted that trial counsel misled and coerced the petitioner into entering guilty pleas, in part by threatening that the petitioner would certainly receive a much lengthier sentence if he proceeded to trial. On November 12, 2004, the trial court dismissed the petition upon its finding that no cognizable ground for relief was presented.

In Tennessee, the writ of habeas corpus will issue "only when it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." State v. Ritchie, 20 S.W.3d 624, 630 (Tenn. 2000) (quoting Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993)). "A void judgment is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired." Taylor v. State, 955 S.W.2d 78, 83 (Tenn. 1999). In contrast, "[a] voidable conviction or sentence is one which is facially valid and requires the introduction of proof beyond the face of the record or judgment to establish its invalidity." Ritchie, 20 S.W.3d at 630 (quoting Taylor, 955 S.W.2d at 83). Facial invalidity means that the "fact [depriving the court of jurisdiction] must appear clearly and indisputably either on the face of the judgment or in the original trial record before a writ of habeas corpus can issue from a Tennessee court." Ritchie, 20 S.W.3d at 633.

In the present case, the petitioner does not contend that his sentence has expired. Further, the petitioner's claims, even if proven, would render the challenged convictions voidable rather than void. Unlike the federal writ of habeas corpus which reaches as far as allowed by the Constitution, the scope of the writ within Tennessee does not permit relief from convictions that are merely voidable for want of due process of law. State v. McKnight, 51 S.W.3d 559, 564 (Tenn. 2001). The petitioner has failed to meet his burden of demonstrating either that the judgment is void or that the sentence has expired. See State ex rel. Kuntz v. Bomar, 214 Tenn. 500, 504, 381 S.W.2d 290, 291-92 (1964). A petition seeking issuance of a writ of habeas corpus may be summarily dismissed by a trial court if it fails to indicate that the petitioner's conviction is void. See Tenn. Code Ann. § 29-21-109 (2000).

Accordingly, the state's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20 of the Rules of the Tennessee Court of Criminal Appeals.

_____
NORMA McGEE OGLE, JUDGE