IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE

## AARON T. BURTON v. VIRGINIA LEWIS, WARDEN

**Appeal from the Circuit Court for Bledsoe County**
**No. 45,2004    J. Curtis Smith, Judge**

---

**No. E2004-02380-CCA-R3-HC - Filed September 15, 2005**

---

The petitioner, Aaron T. Burton, appeals from the trial court's order dismissing his petition for writ of habeas corpus. The state has filed a motion requesting that this court affirm the trial court's denial of relief pursuant to Rule 20 of the Rules of the Court of Criminal Appeals. The petitioner has failed to establish that he is entitled to habeas corpus relief.  Accordingly, the state's motion is granted and the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**
**Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which JOSEPH M. TIPTON and NORMA MCGEE OGLE, J.J., joined.

Aaron T. Burton, Pikeville, Tennessee, Pro se.

Paul G. Summers, Attorney General and Reporter; Seth P. Kestner, Assistant Attorney General; James Michael Taylor,  District Attorney General, for the Appellee, State of Tennessee.

**MEMORANDUM OPINION**

The petitioner was indicted for first degree murder.  Count one of the indictment alleged premeditated first degree murder and count two alleged felony murder in the perpetration of a robbery.  On December 3, 1997, the petitioner pleaded guilty to second degree murder and was sentenced to 16 years in the Department of Correction as a Range I, standard offender.  No direct appeal was taken.  On July 20, 1998, the petitioner filed a petition for post-conviction relief alleging the ineffective assistance of trial counsel.  The petition was denied and the petitioner appealed to this court.  On appeal, the judgment of the trial court was summarily affirmed.  See Aaron Burton v. State, No. E1999-01616-CCA-R3-CD (Tenn. Ct. Crim. App., Mar. 31, 2000), app. denied (Tenn., Nov. 6, 2000).

On June 18, 2004, the petitioner filed a petition for habeas corpus relief generally alleging an insufficient indictment and an involuntary guilty plea.  Among his seventeen claims for relief, the petitioner claimed that the indictment was multiplicatus, was not signed by the prosecutor, and did

not notify him of the precise charges that he was to defend. He further alleged that his conviction violated double jeopardy principles, that the conviction offense is not a lesser-included offense of the offense for which he was originally charged, and that there were various errors and omissions during the plea submission and post-conviction proceedings, including the denial of the effective assistance of counsel. The trial court dismissed the petition, finding the grounds for relief to be without merit or not cognizable in a habeas corpus proceeding.

Before this court, the petitioner focuses on his argument that his judgment is void because at the time of his conviction, second degree murder was not a lesser included offense of first degree felony murder. As a result, he further contends that his guilty plea to second degree murder was not knowing and voluntary. The petitioner also argues that he was improperly convicted of both first and second degree murder and that the trial court improperly dismissed his petition without the appointment of counsel and the opportunity to amend the petition.

"[T]he writ of [*habeas corpus*] will issue in Tennessee only when it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." State v. Ritchie, 20 S.W.3d 624, 630 (Tenn. 2000) (quoting Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993)). "A void judgment is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired." Taylor v. State, 955 S.W.2d 78, 83 (Tenn. 1999).

First, the judgment, without specific reference to either count of the indictment, reflects that the petitioner was indicted for first degree murder and was convicted pursuant to his guilty plea for second degree murder. There being no indication from the face of the judgment that the trial court lacked jurisdiction to sentence the petitioner upon his guilty plea to second degree murder, the judgment itself is facially valid. Further, the judgment belies the petitioner's argument that he was convicted of both first and second degree murder. Next, the petitioner's argument of an involuntary and unknowing guilty plea is not a cognizable claim for habeas corpus relief because, even if proven, it would render the judgment merely voidable rather than void. Finally, this court observes that a habeas corpus petition may be dismissed without a hearing and without the appointment of counsel if, as in the present case, the petitioner fails to allege facts that would justify relief. See State ex rel. Edmondson v. Henderson, 421 S.W.2d 635, 636-37 (Tenn. 1967).

Upon due consideration of the pleadings, the record, and the applicable law, the court concludes that the petitioner has not established that he is entitled to habeas corpus relief. Accordingly, the state's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____

JUDGE JAMES CURWOOD WITT, JR.