# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

## ERIC CARTER v. WARDEN GLEN TURNER

**Appeal from the Circuit Court for Hardeman County**
**No. 9544    Joe H. Walker, III, Judge**

**No. W2005-00650-CCA-R3-HC  - Filed October 4, 2005**

This matter is before the Court upon the State's motion to affirm the judgment of the trial court by opinion pursuant to Rule 20, Rules of the Court of Criminal Appeals.  The Petitioner is appealing the trial court's denial of habeas corpus relief.  A review of the record reveals that the Petitioner is not entitled to habeas corpus relief.  Accordingly, the State's motion is granted and the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed  Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

JOHN EVERETT WILLIAMS , J., delivered the opinion of the court, in which ALAN E. GLENN and J.C. MCLIN, JJ., joined.

Eric Carter, pro se.

Paul G. Summers, Attorney General & Reporter; Benjamin A. Ball, Assistant Attorney General, for the appellee, State of  Tennessee.

## MEMORANDUM OPINION

On May 8, 1998, the Petitioner, Eric Carter, was convicted of second degree murder and, on June 5, 1998, was sentenced to twenty-four years confinement in the Department of Correction. *State v. Carter*, 15 S.W.3d 509, 510 (Tenn. Crim. App. 1999), *perm. to appeal denied*, (Tenn. 2000). His conviction and sentence were affirmed on direct appeal. *Id.*  On March 20, 2001, the Petitioner filed a petition for post-conviction relief, alleging that he received the ineffective assistance of

counsel. *See Eric Carter v. State*, No. W2001-01149-CCA-R3-PC, 2001 WL 1913129, *1 (Tenn. Crim. App., at Jackson, Nov. 16, 2001) (*order*). The post-conviction court summarily dismissed the petition as being time-barred and, on appeal, this Court affirmed the lower court's action. *Id.*

On August 27, 2002, the Petitioner filed, *pro se*, a petition for habeas corpus relief in the Hardeman County Circuit Court. As grounds for habeas relief, Petitioner claimed that the trial court was without jurisdiction to enter the judgment of conviction against him. Specifically, the Petitioner alleged that (1) "the trial court violat[ed] the *Bolden* requirements resulting in violation of the constitutional right to due process;" and (2) the "trial court deprive[d] [the] accused of [the] right to cross-examination of witness against him result[ing] in [the] denial of fourteenth amendment's guarantee of due process . . . by failing to determine accomplice status and instruct jury accordingly." A petition to amend the petition for habeas corpus relief and accompanying memorandum of law was filed by Petitioner on February 25, 2005. Contemporaneous with these pleadings, Petitioner filed a petition for writ of mandamus, requesting that the trial court appoint counsel in the habeas corpus proceeding. On March 3, 2005, the trial court entered an order denying the Petitioner habeas corpus relief, finding that the court had jurisdiction to sentence the Petitioner and that the Petitioner's sentence had not expired. The court further determined that, if treated as a petition for post-conviction relief, the petition was time-barred. As summary dismissal was entered, the trial court denied the petition for writ of mandamus. A notice of appeal document was timely filed by Petitioner on March 15, 2005.

The State has filed a motion requesting that this Court affirm the lower court's denial of habeas corpus relief pursuant to Rule 20, Rules of the Tennessee Court of Criminal Appeals. As basis for its motion, the State asserts that the Petitioner failed to state a colorable claim for habeas corpus relief, as the Petitioner's claim required additional proof beyond the record or judgment to demonstrate potential invalidity. The Petitioner has filed a response in opposition to the State's motion.

In Tennessee, the writ of habeas corpus will issue "only when it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." *State v. Ritchie,* 20 S.W.3d 624, 630 (Tenn. 2000) (quoting *Archer v. State,* 851 S.W.2d 157, 164 (Tenn. 1993)). "A void judgment is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired." *Taylor v. State,* 955 S.W.2d 78, 83 (Tenn. 1999). In contrast, "[a] voidable conviction or sentence is one which is facially valid and requires the introduction of proof beyond the face of the record or judgment to establish its invalidity." *Ritchie,* 20 S.W.3d at 630 (quoting *Taylor,* 955 S.W.2d at 83). Facial invalidity means that the "fact [depriving the court of jurisdiction] must appear clearly and indisputably either on the face of the judgment or in the original trial record before a writ of habeas corpus can issue from a Tennessee court." *Ritchie,* 20 S.W.3d at 633.

In the present case, the Petitioner does not contend that his sentence has expired. Further, the Petitioner's claims alleging *Bolden* violations, even if proven, would render the challenged convictions voidable rather than void. Unlike the federal writ of habeas corpus which reaches as far as allowed by the Constitution, the scope of the writ within Tennessee does not permit relief from convictions that are merely voidable for want of due process of law. *State v. McKnight,* 51 S.W.3d 559, 564 (Tenn. 2001). The Petitioner has failed to meet his burden of demonstrating either that the judgment is void or that the sentence has expired. *See State ex rel. Kuntz v. Bomar,* 214 Tenn. 500, 504, 381 S.W.2d 290, 291-92 (1964). A petition seeking issuance of a writ of habeas corpus may be summarily dismissed by a trial court if it fails to indicate that the Petitioner's conviction is void. *See* Tenn. Code Ann. § 29-21-109 (2000). Accordingly, the lower court did not err in summarily dismissing the petition.

The Petitioner also complains in his brief that the trial court erred by failing to appoint counsel. While there is no federal or state constitutional right to appointment of counsel in a habeas corpus proceeding, the trial court has a duty to appoint counsel "if necessary." *Billy James Matthews v. State,* No. W2004-01547-CCA-R3-HC, 2005 WL 957112, at *2 (Tenn. Crim. App., at Jackson, Apr. 26, 2005) (citations omitted). If the judgments are facially valid and not void, the trial court may properly dismiss a petition for writ of habeas corpus without appointing counsel and without holding an evidentiary hearing. *Billy James Matthews v. State,* No. W2004-01547-CCA-R3-HC, 2005 WL 957112, at *2 (citations omitted). As the Petitioner failed to state a claim that would render the judgment against him void, the trial court did not err in not appointing counsel.

A petition for habeas corpus relief may be summarily dismissed without the appointment of counsel if it fails to indicate that the conviction against the petitioner is void. *See* Tenn. Code Ann. § 29-21-109. Accordingly, it is ordered that the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
JOHN EVERETT WILLIAMS, JUDGE